UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAURICE MAXWELL,           ) | |
|                 ) | |
|       Plaintiff,        ) | |
|                 ) | **CIVIL ACTION** |
|       v.              ) | **NO. 23-11489-DHH** |
|                 ) | |
| FMC DEVENS,           ) | |
|                 ) | |
|       Defendant.     ) | |

## ORDER
**September 11, 2023**

**Hennessy, M.J.**

The Court is in receipt of a document from Maurice Maxwell, who is confined at FMC Devens, in which he asks for appointment of counsel. According to Maxwell, he is not receiving adequate medical care for acute and chronic health conditions. (Dkt. No. 1 at 1-3.) He also represents that, in May 2022—when he was confined at FMC Rochester—he was informed that he was under criminal investigation. (*Id.* at 1.) He claims that his verbal request for appointment of counsel was ignored. (*Id.*) At the end of his letter, Maxwell asks for a "1983 application" and "waiver of filing fee." (*Id.* at 4.)

Maxwell also included a record of his commissary purchases and copies of grievances. In a grievance dated June 26, 2023, Maxwell states that he has "been under investigation by the OIG for 18 months" and that he "need[s] legal representation for this matter as part of [his] constitutional due process." (Dkt. No. 1-1 at 5.)

The request for counsel is DENIED without prejudice. A prisoner does not have a constitutional right to an attorney solely on the ground that the prisoner is the subject of an internal investigation. Under this Court's implementation of the Criminal Justice Act ("CJA"),

the Court has discretion to appoint an attorney at taxpayer cost for a person who has been

"advised by the United States attorney or a law enforcement officer that they are the target of a

grand jury investigation."  *See* Plan for Implementing the Criminal Justice Act of 1964, as

Amended 18 U.S.C. § 3006A, section 2(e).  Maxwell's filing does not indicate that he has been

so advised.

In limited circumstances, the Court may appoint *pro bono* counsel for a civil litigant who

has already commenced an action in this Court.  The Court cannot construe Maxwell's filing as a

civil complaint, and his request for a "1983 application" suggests that he did not intend the Court

to do so.

The Court directs the Clerk to send Maxwell a form complaint and an Application to

Proceed in District Court without Prepaying Fees or Costs.  The Court advises Maxwell the

Court cannot waive the filing fee for prisoner plaintiff.  The Court can allow a prisoner plaintiff

to proceed without *prepayment* of the filing fee, but the prisoner is still required to pay the $350

statutory filing fee over time, regardless of duration or outcome of the case.  *See* 28 U.S.C.

§ 1915(b).

This matter shall remain open for twenty-one days.  If Maxwell does not file a civil

complaint or any other document in this matter within twenty-one days, this action may be

closed without prejudice.

/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE